# Exhibit A

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____CHANCERY_____ DIVISION

No. 2014CH17428
CALENDAR/ROOM 07
TIME 00:00
Class Action

MARIO ALIANO and DUE FRATELLI, INC., individually,
and on behalf of all others similarly situated

(Name all parties)

v.

LOUISVILLE DISTILLING COMPANY, LLC

**Please serve:**
**Louisville Distilling Company, LLC**
**c/o Its Registered Agent**
**Wesley Henderson**
**6702 Clore Lake Road**
**Crestwood, KY 40014**

## ● SUMMONS ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ● Richard J. Daley Center, 50 W. Washington, Room _802_____, Chicago, Illinois 60602

- ○ District 2 - Skokie          ○ District 3 - Rolling Meadows      ○ District 4 - Maywood
  5600 Old Orchard Rd.          2121 Euclid                        1500 Maybrook Ave.
  Skokie, IL 60077              Rolling Meadows, IL 60008          Maywood, IL 60153

- ○ District 5 - Bridgeview      ○ District 6 - Markham              ○ Child Support
  10220 S. 76th Ave.            16501 S. Kedzie Pkwy.              28 North Clark St., Room 200
  Bridgeview, IL 60455          Markham, IL 60428                  Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 34418_____

Name: Zimmerman Law Offices, P.C.

Atty. for: Plaintiffs

Address: 77 West Washington Street, Suite 1220

City/State/Zip: Chicago, IL 60602

Telephone: (312) 440-0020

WITNESS, **DOROTHY BROWN** OCT 2 8 2014

Dorothy Brown
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
                                                        (Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

| | | |
|---|---|---|
| MARIO ALIANO and DUE FRATELLI, INC., individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | 2014CH17428 CALENDAR/ROOM 07 TIME 00:00 |
| v. | ) ) | No.   Class Action |
| LOUISVILLE DISTILLING COMPANY, LLC, | ) ) | |
| Defendant. | ) | Jury Trial Demanded |

# CLASS ACTION COMPLAINT

Plaintiffs Mario Aliano ("Aliano") and Due Fratelli, Inc. ("Due Fratelli") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their counsel at Zimmerman Law Offices, P.C., bring this action against Defendant LOUISVILLE DISTILLING COMPANY, LLC ("Defendant"), as follows:

## NATURE OF THE CASE

1.    The craft distillery industry is experiencing a momentous surge. As of last year, there were more than 450 independent, craft distilleries in America, whereas a decade ago there were fewer than 40, according to the American Distilling Institute. This explosion has been fueled, in large part, by the growing interest in hand-crafted, artisan, and locally made products.

2.    Defendant owns the whiskey brand Angel's Envy Rye ("Angel's Envy"). Defendant's marketing and advertising of Angel's Envy portrays Angel's Envy as the "highest quality," "small batch" whiskey made with "painstaking attention to detail." Indeed, Defendant's website spins a tale of a "small, independent company" teaming up with legendary distiller Lincoln Henderson to create a rare and unique whiskey.

FILED - 2
2014 OCT 28 PM 1:17
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
CHANCERY DIV.

3.      On Angel's Envy label and on its website, Defendant prominently markets and advertises Angel's Envy as "small batch" rye whiskey designed to be of the highest quality.

4.      Defendant also prominently represents on Angel's Envy's label in all capital letters that it is "HAND CRAFTED AND BOTTLED BY LOUISVILLE SPIRITS GROUP, BARDSTOWN, KENTUCKY."  Certain marketing materials refer to Angel's Envy as "Angel's Envy Kentucky Rye."

5.      On Angel's Envy's website, Defendant claims "the taste profile of our rye whiskey was a perfect fit" to be aged in old rum barrels, implying that the rye in Angel's Envy is both unique and Defendant's proprietary recipe.

6.      Additionally, on Defendant's website, a chart entitled "The Process of Making Angel's Envy" contains a sequence of pictures depicting grain being distilled into alcohol and then bottled as Angel's Envy.

7.      Defendant markets Angel's Envy in this manner because due to the large number of different brands of rye whiskey on the market, consumers and businesses are making purchasing decisions while standing at the store looking at whiskey labels, or they compare the marketing and advertising representations made by different companies, and Defendant wants consumers and businesses to believe that they are buying unique, premium whiskey, not sourced whiskey from a bulk producer.

8.      As such, based on Defendant's representations in its marketing and advertising materials, consumers looking for small batch, craft whiskey (instead of mass-produced whiskey) have purchased hundreds of thousands of bottles of Angel's Envy at a premium price as compared to other lower-priced whiskey products.

9.      However, Defendant's marketing and advertising is intentionally false and misleading.  Although Defendant's headquarters is in Bardstown, Kentucky, Angel's Envy is not produced there, and it is not of a "small batch."  Angel's Envy is distilled and aged by MGP Ingredients, Inc.'s ("MGP") factory in Lawrenceburg, Indiana—a massive complex that produces and distills industrial-sized quantities of beverage-grade alcohol, including whiskey from numerous other brands—and Defendant purchases all of its rye whiskey for Angel's Envy from MGP.

10.     As such, Angel's Envy is not "small batch that's … rare in both number and content."  To the contrary, it is made with the same recipe that all MGP rye whiskey is made with: 95% rye and 5% barley.

11.     Thousands of consumers and businesses across the country have been injured by Defendant's deceptive marketing practices, including Plaintiffs.  They all have purchased Angel's Envy and paid a premium for it in reliance on the Defendant's representations that it was produced in Kentucky, that it was of a "small batch," and that it "stands unique among ryes" while not being aware of the actual nature of its whiskey.

12.     Plaintiffs, on their own behalf and on behalf of a class of similarly situated individuals and businesses, bring this lawsuit seeking injunctive relief, damages, and restitution, together with costs and reasonable attorneys' fees.

13.     At this time, Plaintiffs do not seek a specific amount of damages, do not seek punitive damages, and do not seek damages (monetary and/or injunctive) and attorneys' fees that combined would meet or exceed $5,000,000 inclusive of costs and interest.

## PARTIES

14.     Plaintiff Mario Aliano is a natural person and citizen of the State of Illinois.

15.     Plaintiff Due Fratelli, Inc. is a corporation incorporated in and existing under the laws of the State of Illinois, with its principal place of business in Illinois.

16.     Defendant Louisville Distilling Company, LLC, is a limited liability company existing under the laws of the State of Kentucky, with its principal place of business located at 7202 Highway 329, Suite 1, Crestwood, Kentucky 40014. Defendant does business in the State of Illinois, Cook County, and nationwide.

## JURISDICTION AND VENUE

17.     Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(a)(7) (the making or performance of any contract or promise substantially connected with this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

18.     Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transaction, or some part thereof occurred, and Defendant is a corporation doing business in this County.  735 ILCS 5/2-102(a).

## SUBSTANTIVE ALLEGATIONS

19.     In order to distinguish itself as an artisanal, craft rye whiskey, Defendant markets and advertises Angel's Envy as unique, of a "small batch," and from a "small, independent company."

20.     Defendant represents to consumers and businesses that Angel's Envy is an authentic Kentucky product unique from the hundreds of other whiskeys on the market.

4

21.     Defendant prominently represents on Angel's Envy's label in all capital letters that it is "HAND CRAFTED AND BOTTLED BY LOUISVILLE SPIRITS GROUP, BARDSTOWN, KENTUCKY."

22.     Advertising materials for Angel's Envy refer to the whiskey as "Angel's Envy Kentucky Rye."

23.     Defendant held itself out as a distillery responsible for producing Angel's Envy.

24.     Prior to his death, Defendant claimed legendary distiller Lincoln Henderson as its "Master Distiller." Defendant hosted cocktail parties allowing consumers to meet Henderson.

25.     Defendant's website contains a blog entitled "Tales from the Still" where Defendant's employees detail their experiences making Angel's Envy.

26.     By using terms like "Kentucky," "Master Distiller," "small, independent company," and "still," Defendant seeks to convince consumers that it is solely responsible for the entire Angel's Envy production process, including distillation.

27.     Furthermore, on Defendant's website, a chart entitled "The Process of Making Angel's Envy" depicts the entire process of creating whiskey, starting with grain, distilling it into alcohol, and eventually being bottled. A screenshot of this chart appears below.



5

28. On the Angel's Envy webpage, Defendant claims Angel's Envy was created when the company decided to combine *its* whiskey with rum barrels. By repeatedly referring to the underlying rye whiskey used to produce Angel's Envy as Defendant's own, Defendant seeks to give the impression that it distills Angel's Envy in Kentucky.

29. Despite being marketed as being a unique Kentucky product, Defendant's whiskey is actually made in bulk at MGP's Indiana factory. MGP specializes in bulk industrial alcohol manufacturing, and it sells all of the alcohol that it manufactures to numerous other companies for resale. A picture of MGP's massive distillery appears below.



30. Defendant purchases unaged rye whiskey made from the same recipe that MGP sells to numerous other companies, pays MGP to store it in barrels, and then transports the product to Kentucky. The only activities that occur in Kentucky are transferring the rye to rum barrels and filling the Angel's Envy bottles.

31.     The recipe for the unaged whiskey purchased by Defendant for eventual resale as Angel's Envy is not property of the Defendant nor is it produced in small batches.  Indeed, the 95% rye mash bill recipe is for sale on MGP's website.

32.     Rye whiskeys sold under different brand names by different companies using the same bulk rye whiskey manufactured by MGP used in creating Angel's Envy sell for much lower prices.

33.     Consumers and businesses, like Plaintiffs, purchased Angel's Envy because Defendant's stated production scale used to make the whiskey, place of origin, and unique recipe are material factors in their willingness to pay a premium for the product.

34.     Defendant knows that consumers and businesses are willing to pay more for a "small-batch" Kentucky rye whiskey because the quality would be higher, and Defendant knows that Plaintiffs and other consumers and businesses believe they are paying costs associated with higher-quality ingredients and for small-scale production.

35.     However, consumers and businesses have paid that premium based on Defendant's deceptive marketing and advertising strategy.  Had they known that Defendant's misrepresentations regarding Angel's Envy were false, they would have not have purchased Angel's Envy.

## FACTS RELATING TO PLAINTIFFS

36.     Plaintiff Aliano is the owner and president of Plaintiff Due Fratelli, which is a restaurant that serves alcohol. Aliano is responsible for choosing which brands of alcohol to purchase for Due Fratelli.

37.     In determining which brands of alcohol to purchase for Due Fratelli, Aliano researched and continues to research the details of the various brands of alcohol, including

7

Angel's Envy. Prior to purchasing Angel's Envy in October 2014, Aliano consulted internet websites and product labels for various brands of whiskey, including Angel's Envy, and compared the representations in the marketing and advertising materials for each brand of rye whiskey.

38.     Based on the research he conducted and the false and misleading representations made by Defendant as outlined above, in October 2014 Aliano purchased Angel's Envy on behalf of and for use by Due Fratelli, and Aliano also purchased a bottle of Angel's Envy for his personal use.

39.     None of the marketing or advertising materials that Aliano saw prior to purchasing Angel's Envy disclosed that Angel's Envy is distilled and aged in Indiana, that it is not "small batch," or is not from a unique recipe.

40.     Had Aliano known the truth about Angel's Envy, he would not have purchased it for his personal use or for use by Due Fratelli.

## CLASS ALLEGATIONS

41.     **Class Definition**: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801 on behalf of themselves and a Class of similarly situated individuals and businesses, defined as follows:

> All persons and entities who purchased a bottle or bottles of Angel's Envy.
>
> > Subclass A: all Illinois consumers who purchased a bottle or bottles of Angel's Envy.
> >
> > Subclass B:     all Illinois businesses that purchased a bottle or bottles of Angel's Envy for business purposes.

Excluded from the Class is: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any person who has had their claims in this

matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

42. **Numerosity**: The exact number of Class members is unknown and is not available to Plaintiffs at this time, but individual joinder in this case is impracticable. The Class likely consists of thousands of individuals and businesses. Class members can be easily identified through Defendant's records or by other means.

43. **Commonality and Predominance**: There are several questions of law and fact common to the claims of Plaintiffs and the Class members, and those questions predominate over any questions that may affect individual Class members. Common questions include, but are not limited to, the following:

    a.     Whether Defendant misrepresented that Angel's Envy is produced in Kentucky;

    b.     Whether Defendant misrepresented that Angel's Envy is "small batch";

    c.     Whether Defendant failed to disclose that the rye whiskey that eventually becomes Angel's Envy is mass-produced by a company in Indiana;

    d.     Whether Defendant misrepresented that Angel's Envy is made from a unique recipe;

    e.     Whether Defendant's conduct violates the Kentucky Consumer Protection Act;

    f.     Whether Defendant's conduct violates the Illinois Consumer Fraud and Deceptive Business Practices Act;

    g.     Whether Defendant's conduct violates the Illinois Uniform Deceptive Trade Practices Act;

    h.     Whether Defendant's conduct was fraudulent or misleading; and

    i.     Whether Defendant's conduct resulted in unjust enrichment to Defendant.

44. **Adequacy of Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class, and have retained counsel competent and experienced in

complex class actions. Plaintiffs have no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs.

45. **Appropriateness**: Class proceedings are also superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Further, it would be virtually impossible for the individual members of the Class to obtain effective relief because the damages suffered by individual Class members are likely to be relatively small, especially given the burden and cost of individually conducting the complex litigation necessitated by Defendant's actions. Even if Class members were able or willing to pursue such individual litigation, a class action would still be preferable due to the fact that a multiplicity of individual actions would likely increase the expense and time of litigation given the complex legal and factual controversies presented in this Class Action Complaint. A class action, on the other hand, provides the benefits of fewer management difficulties, single adjudication, economy of scale, and comprehensive supervision by a single Court, and would result in reduced time, effort and expense for all parties and the Court, and ultimately, the uniformity of decisions.

**<u>COUNT I</u>**
**Violation of the Kentucky Consumer Protection Act**
**(Kentucky Revised Statutes §§ 367.110, *et seq.*)**
**(On behalf of Plaintiff Aliano and the Class)**

46. Plaintiff incorporates by reference the allegations in paragraphs 1 - 45 as if fully set forth herein.

47. Kentucky Revised Statutes § 367.170 makes unlawful any "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce."

48. Pursuant to Kentucky Revised Statutes § 367.110, Defendant is engaged in trade and commerce because it offers Angel's Envy, a thing of value, for sale.

10

49.     Defendant is a "person" pursuant to Kentucky Revised Statutes § 367.110.

50.     By bottling and distributing bottles of Angel's Envy throughout the State of Kentucky and the country, and by disseminating, designing, and orchestrating the marketing in Kentucky, Defendant has affected commerce and trade within the State of Kentucky.

51.     Defendant engaged in unfair or deceptive acts or practices in violation of Kentucky Revised Statutes § 367.170 when, in marketing and advertising Angel's Envy, Defendant failed to give Plaintiff and members of the Class adequate notice regarding the true origin of the whiskey (*i.e.* Indiana) despite the fact that Defendant knew or should have known that the whiskey was not distilled in Kentucky.  Defendant intended that Plaintiff and the members of the Class would rely upon Defendant's failure to disclose the actual origin when purchasing Angel's Envy.  Defendant knew of the actual origin of Angel's Envy and yet continued to sell, market, and distribute it to members of the Class and concealed the true origin of Angel's Envy from them.  Defendant's acts and omissions possessed the tendency or capacity to mislead and created the likelihood of deception.

52.     Defendant also engaged in unfair or deceptive acts or practices in violation of Kentucky Revised Statutes § 367.170 by making misleading statements regarding the origin of Angel's Envy.  Specifically, Defendant's foregoing false and misleading representations sought to convince consumers that Angel's Envy is made in Kentucky when it is, in fact, made at MGP's factory in Lawrenceburg, Indiana.

53.     Defendant's actions, as set forth herein, were acts related to the advertisement and sale of consumer merchandise, and constitute unfair and deceptive trade practices in violation of Kentucky Revised Statutes § 367.170.

11

54.     As a direct and proximate result of these unfair, deceptive and unconscionable commercial practices, Plaintiff and the members of the Class have suffered actual damages in the form of the full or partial retail price of Angel's Envy.  Had Plaintiff and the Class known that Angel's Envy was not made in Kentucky but rather produced in mass-quantities in Indiana, they would not have purchased the whiskey.  As such, Plaintiff and members of the Class are entitled to recover actual damages and attorneys' fees pursuant to Kentucky Revised Statutes § 367.220.

55.     The injuries to Plaintiff and the members of the Class were caused by Defendant's conduct in false and misleading advertising that originated in Kentucky, including the advertising and marketing materials described above.  All of the marketing, advertising, and promotional activities and literature were coordinated at, emanate from, and are developed at Defendant's Kentucky headquarters.  All critical decisions regarding Defendant's marketing and advertising were made in Kentucky.

56.     Furthermore, most of the misrepresentations and omissions alleged herein were contained on Defendant's website, which is maintained in Kentucky.

57.     When Plaintiff and the members of the Class purchased Angel's Envy, those payments were processed and the money was sent to Defendant's headquarters in Kentucky.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.,* and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.      Enjoining Defendant's illegal conduct alleged herein and ordering disgorgement of any of its ill-gotten gains;

E.      Awarding Plaintiff and the Class compensatory damages, in addition to reasonable attorney's fees and costs; and

F.      Granting all such further and other relief as the Court deems just and appropriate.

**COUNT II**
**Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act**
**(815 ILCS § 505/1, *et seq.*)**
**(On behalf of Plaintiff Aliano and Subclass A)**

58.     Plaintiff incorporates by reference the allegations in paragraphs 1 - 45 as if fully set forth herein.

59.     The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS §§ 505/1, *et seq*., provides protection to consumers by mandating fair competition in commercial markets for goods and services.

60.     The ICFA prohibits any deceptive, unlawful, unfair, or fraudulent business acts or practices including using deception, fraud, false pretenses, false promises, false advertising, misrepresentation, or the concealment, suppression, or omission of any material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act".  815 ILCS § 505/2.

61.     The ICFA applies to Defendant's acts as described herein because it applies to transactions involving the sale of goods or services to consumers.

62.     Defendant is a "person" as defined by section 505/1(c) of the ICFA.

63.     The Plaintiff and each member of the Class are "consumers" as defined by section 505/1(e) of the ICFA.

64.     Angel's Envy constitutes "merchandise" under the meaning of section 505/1(b) and its sale is within the meaning of "trade" or "commerce" under the ICFA.

13

65.     Defendant's misrepresentations and omissions regarding the true origin of Angel's Envy are deceptive and unfair acts and practices prohibited by Chapter 2 of ICFA.

66.     Defendant violated the ICFA when it misrepresented and omitted facts regarding Angel's Envy being "small batch" in order to create the impression upon consumers that Angel's Envy was a unique, premium craft rye whiskey from Kentucky.

67.     Angel's Envy's material selling point is Defendant's misrepresentations that Angel's Envy is an authentic, "small batch" Kentucky product made in Bardstown, Kentucky, from a unique, proprietary recipe, which differentiates it from other brands of rye whiskey. Accordingly, it was the central reason consumers chose to purchase Angel's Envy over other alternatives, and to pay a premium for it.

68.     Plaintiff and members of the Class relied upon Defendant's misrepresentations and omissions when they purchased bottles of Angel's Envy.

69.     If Plaintiff and the Class had been aware of the true origin of the Defendant's whiskey, the content thereof, and the other facts set forth above, they would not have purchased Angel's Envy.

70.     As a result of Defendant's material misrepresentations and omissions regarding Angel's Envy, Defendant violated section 510/2(a)(2) of the Uniform Deceptive Trade Practices Act ("DTPA") which proscribes causing "likelihood of confusion or of misunderstanding as to the source" of goods.

71.     Defendant also violated section 510/2(a)(4) of the DTPA by using "deceptive representations or designations of geographic origin in connection with goods."

72.     Defendant also violated section 510/2(a)(5) of the DTPA by representing that Angel's Envy has characteristics and ingredients that it does not have, such as a unique, proprietary recipe, that it is of a "small batch," and that it is a craft cocktail.

73.     The Plaintiff's and Class's expectations that Angel's Envy was made in Bardstown, Kentucky, and was not made from mass-produced rye whiskey made by MGP in Indiana, were reasonable due to the Defendant's misrepresentations and omissions described herein.

74.     Plaintiff and the Class saw Defendant's marketing and advertising materials prior to purchasing Angel's Envy, and they reasonably relied on Defendant's misrepresentations and omissions when they purchased Angel's Envy.

75.     Defendant's misrepresentations and omissions regarding the source and manufacturing process of its whiskey were acts likely to mislead the Plaintiff and the members of the Class acting reasonably under the circumstances, and thus constitute unfair and deceptive trade practices in violation of ICFA.

76.     Defendant knew that it failed to disclose the Indiana origin, its recipe, and the other circumstances regarding the rye whiskey used in making Angel's Envy—which is highly relevant and material information—to its customers, and thus violated the ICFA.

77.     As a direct and proximate result of Defendant's violation of the ICFA, the Plaintiff and the members of the Class have suffered harm in the form of monies paid in exchange for Angel's Envy because they paid more than what they would have otherwise paid had they know the true nature of the product.

78.     Defendant's practices set forth herein offend public policy, were and are immoral, unethical, oppressive, and unscrupulous, and cause substantial injury to consumers.

15

79.     Plaintiff, on behalf of himself and the Class, seeks an order (1) requiring the Defendant to cease the deceptive and unfair practices described herein; (2) requiring Defendant to change its marketing and advertising materials, including Angel's Envy labels and the Angel's Envy website, to adequately disclose the material facts regarding the origin, content, and process of creating Angel's Envy; (3) awarding damages, interest, and reasonable attorneys' fees, expenses, and costs to the extent allowable; and/or (4) requiring Defendant to restore to Plaintiff and each Subclass member any money acquired by means of unfair competition (restitution).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.,* and certifying the Class defined herein;

B.      Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C.      Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.      Enjoining Defendant's illegal conduct alleged herein and ordering disgorgement of any of its ill-gotten gains;

E.      Awarding Plaintiff and the Class compensatory damages, in addition to reasonable attorney's fees and costs; and

F.      Granting all such further and other relief as the Court deems just and appropriate.

### COUNT III
**Violation of the Illinois Uniform Deceptive Trade Practices Act**
**(815 ILCS 510/1, *et seq.*)**
**(On behalf of Plaintiff Due Fratelli and Subclass B)**

80.     Plaintiff incorporates by reference the allegations in paragraphs 1 - 45 as if fully set forth herein.

16

81.     At all times relevant hereto, there was in full force and effect the Illinois Uniform

Deceptive Practices Act, 815 ILCS 510/1, *et seq*. ("DTPA").

82.     Section 2 of the DTPA in relevant part:

(a) A person engages in a deceptive trade practice when, in the course of his or her business, vocation or occupation, the person:

…

(2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

…

(4) uses deceptive representations or designations of geographic origin in connection with goods or services;

(5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have….;

…

(9) advertises goods or services with intent not to sell them as advertised;

…

(12) engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding

815 ILCS 510/2

83.     Defendant's foregoing misleading statements and omissions to Plaintiff and the

Class constitute cause a likelihood of confusion of and misunderstanding as to the source of

Angel's Envy.

84.     By representing that Angel's Envy is made in Kentucky, Defendant uses deceptive

representations of geography origin in connection with Angel's Envy.

85.     Defendant represents that Angel's Envy has characteristics and ingredients that it

does not have, such as a unique, proprietary recipe, that it is of a "small batch," and that it is a

craft cocktail.

86.     Defendant advertises Angel's Envy with the intent not to sell it as advertised by

using the false and misleading advertising and marketing detailed above.

87.     The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of Angel's Envy to Plaintiff and members of the Class.

88.     The above-described deceptive and unfair acts offend public policy and cause substantial injury to consumers.

89.     Defendant's false and misleading statements set forth above were made knowingly and intentionally, with the intent to mislead Plaintiff and the Class.

90.     Accordingly, Defendant has violated the DTPA.

91.     Plaintiff was damaged, as if it does not purchase Angel's Envy for its restaurant, it will suffer damages in the form of lost business from customers who want to drink Angel's Envy. However, if Plaintiff purchases Angel's Envy and serves it to customers, Plaintiff will suffer damages in the form of lost business from customers who object to Plaintiff's sale of Angel's Envy at a premium price when it is not a premium product.  Plaintiff cannot sell Angel's Envy at a non-premium price without incurring a loss on the sale.

92.     As such, Plaintiff is likely to be damaged in the future by Defendant's deceptive and unfair trade practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for an Order as follows:

A.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.,* and certifying the Class defined herein;

B.     Designating Plaintiff as representative of the Class and its undersigned counsel as Class Counsel;

C.     Entering judgment in favor of Plaintiff and the Class and against Defendant;

D.      Enjoining Defendant's illegal conduct alleged herein;

E.      Awarding Plaintiff and the Class reasonable attorney's fees and costs; and

F.      Granting all such further and other relief as the Court deems just and appropriate.

**COUNT IV**
**Restitution/Unjust Enrichment**
**(On behalf of Plaintiffs and the Class)**

93.      Plaintiffs incorporate by reference the allegations in paragraphs 1 - 45 as if fully set forth herein.

94.      Defendant has acquired and retained money belonging to Plaintiffs and the Class as a result of its wrongful conduct: its false and misleading marketing and advertising campaign for Angel's Envy. Each individual sale nets Defendant profit at the expense of the consumer.

95.      Defendant appreciates or knows of such a benefit.

96.      Under the principles of equity, Defendant should not be allowed to keep the money belonging to Plaintiffs and the members of the Class because Defendant has unjustly received it as a result of its unlawful actions described herein.

97.      Plaintiffs and the Class have suffered damages as a direct result of Defendant's conduct.

98.      Plaintiffs, on behalf of themselves and the Class, seek restitution for Defendant's unlawful conduct, as well as interest and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Class, pray for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.,* and certifying the Class defined herein;

19

B.   Designating Plaintiffs as representatives of the Class and their undersigned counsel as Class Counsel;

C.   Entering judgment in favor of Plaintiffs and the Class and against Defendant;

D.   Enjoining Defendant's illegal conduct alleged herein and ordering disgorgement of any of its ill-gotten gains;

E.   Awarding Plaintiffs and the Class compensatory damages, in addition to their reasonable attorney's fees and costs; and

F.   Granting all such further and other relief as the Court deems just and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Plaintiffs MARIO ALIANO and DUE FRATELLI, INC., individually, and on behalf of all others similarly situated,

By: _____
Thomas A. Zimmerman, Jr.
Adam M. Tamburelli
Frank J. Stretz
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
Firm I.D. No. 34418
www.attorneyzim.com

Counsel for the Plaintiffs and Putative Class

20

# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIO ALIANO, and DUE FRATELLI, INC.,

Plaintiffs,

v.

LOUISVILLE DISTILLING COMPANY, LLC,

Defendant.

Case No. _____

Honorable _____

## DECLARATION OF KEVIN SACHS

Kevin Sachs, an employee of Louisville Distilling Company, LLC states:

1.     I am over eighteen years of age.  Unless stated on information and belief, I have personal knowledge of the facts stated herein or personal knowledge of the relevant business records reflecting those facts.  I am competent to make this Declaration and could testify competently with respect to these facts.

2.     I am currently employed by Louisville Distilling Company, LLC ("Louisville Distilling") as Chief Financial Officer.  I have held this position since May 2012.

3.     Louisville Distilling is a Kentucky Limited Liability Company, which has its principal place of business and headquarters in Louisville, Kentucky.

4.     Angel's Envy Rye Whiskey Finished in Caribbean Rum Casks ("Finished Rye") is hand crafted and bottled by Louisville Distilling.  Louisville Distilling itself does not make direct sales to retail trade establishments or consumers, rather it sells the Finished Rye exclusively to distributors.  The distributors report to Louisville Distilling the number of accounts they serve and deliver product to serve those accounts.

1

5.    In the 2014 calendar year, based on sales reports supplied to the company, Louisville Distilling's distributors sold the Finished Rye to more than 100 accounts nationwide, in 28 states, which includes sales to retailers, such as supermarkets, liquor stores and specialty stores, as well as to bars and restaurants.

6.    In 2013 and 2014, Louisville Distilling sold over 75,000 750ml bottles of the Finished Rye to our distributors. Louisville Distilling does not set the retail prices that consumers pay for the Finished Rye and does not set the prices charged to patrons by bars and restaurants. Nevertheless, nationwide retail sales of the Finished Rye likely exceeded $5,000,000 over the past two years.

7.    In 2015, retail sales of the Finished Rye will likely exceed $5,000,000.

8.    Plaintiff seeks to enjoin Louisville Distilling's "illegal conduct." Should Louisville Distilling be enjoined from selling the Finished Rye as currently bottled and advertised, the financial impact of compliance on Louisville Distilling would be substantial and require removing bottles already in the distribution channel, relabeling all such bottles, re-applying for label approval to the TTB, and reworking marketing materials.

9.    When combined, the full value of retail sales of the Finished Rye, the cost of complying with the injunction, and attorney's fees and costs could easily exceed $5,000,000.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: January 26, 2015

Kevin Sachs