IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIO ALIANO, and DUE FRATELLI, INC., individually, and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )    15 C 00794<br>)    Honorable Marvin E. Aspen<br>) |
| LOUISVILLE DISTILLING COMPANY, LLC, | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Court Judge:

Plaintiff Mario Aliano ("Aliano") is the owner and president of Plaintiff Due Fratelli, Inc. ("Fratelli"), a restaurant. They bring suit on behalf of themselves and those similarly situated against Defendant Louisville Distilling Company, LLC ("Louisville"), arguing that it used deceptive trade practices in marketing and advertising its Angel's Envy Rye Whiskey Finished in Caribbean Rum Casks ("Angel's Envy finished whiskey").[1] Louisville brings this motion to dismiss all four counts of the complaint. For the reasons discussed below, the motion is granted as to Counts I and III, but denied as to Counts II and IV.

**BACKGROUND**

The facts described herein are taken from the complaint and accepted as true for the purposes of this motion.

---

[1] Plaintiffs identify two sub-classes: sub-class A includes Illinois consumers who purchased the whiskey, and sub-class B includes Illinois businesses that purchased the whiskey. The overall class is not limited to Illinois, instead including "all persons and entities who purchased a bottle or bottles of Angel's Envy." (Compl. ¶¶ 41.)

Defendant Louisville is a limited liability company established and headquartered in Kentucky. (Compl. ¶ 16.) Louisville owns the Angel's Envy brand and creates and sells Angel's Envy finished whiskey. (*Id*. ¶¶ 2, 37–38.) It also controls what statements appear on the product label and webpage. (*Id*. ¶ 55.) Plaintiff Aliano is the owner and president of Plaintiff Fratelli, a restaurant that serves alcohol. (*Id*. ¶ 36.) Aliano decides which alcohol Fratelli will purchase to offer its patrons. (*Id*. ¶ 37.) In October 2014, Aliano reviewed the website and product label for Angel's Envy finished whiskey. (*Id*. ¶¶ 37–38.) Aliano alleges that he purchased the product for himself and the restaurant based on the website and label statements. (*Id*. ¶ 38.)

MGP Ingredients, Inc. ("MGP") creates industrial-sized quantities of alcohol, including the whiskey used in Angel's Envy, at a factory in Lawrenceburg, Indiana. (*Id*. ¶ 9.) Louisville purchases the distilled rye whiskey from MGP and pays it to age the whiskey in barrels. (*Id*. ¶ 30.) MGP then transports the distilled and aged whiskey to Louisville's facility in Kentucky, where Louisville transfers the whiskey to rum barrels. (*Id*. ¶¶ 9, 30.) Once Louisville finishes the whiskey, it bottles the final product at its facility in Bardstown, Kentucky. (*Id*. ¶ 9.)

According to the complaint, this process is very different from the impression Aliano received from the Angel's Envy website and label. (*Id*. ¶¶ 11, 33, 37–39.) The label describes the product as "hand crafted" by Louisville. (*Id*. ¶ 4.) The website includes a chart depicting the process of making Angel's Envy, including the distilling phase. (*Id*. ¶¶ 6, 27.) On the website, Louisville claims that the taste profile of "our rye whiskey" is perfect for finishing in rum casks. (*Id*. ¶ 5.) The website also includes a blog titled "Tales from the Still." (*Id*. ¶ 25.) A still is an apparatus used to distill alcohol. In addition, Louisville's advertising materials refer to Angel's Envy as "Kentucky Rye" and "small batch." (*Id*. ¶¶ 19, 22.)

Aliano claims that he believed Angel's Envy was a premium product because the label and website implied it was distilled, aged, and finished in small batches in Kentucky using a unique recipe. (*Id.* ¶¶ 33, 38–39.) He further claims that he would not have purchased Angel's Envy finished whiskey for himself or for Fratelli if he had known that Louisville purchased rye whiskey that was distilled and aged as part of MGP's mass-production in Indiana. (*Id.* ¶¶ 9, 30, 39–40.) In addition, he alleges that the deceptive marketing artificially inflated the price he paid for the finished whiskey, so the product he received was worth less than the price he paid. (*Id.* ¶¶ 77, 91, 94.)

Aliano and Fratelli filed suit against Louisville. Aliano brings Count I under the Kentucky Consumer Protection Act ("KCPA") on behalf of himself and the entire class. Aliano brings Count II under the Illinois Consumer Fraud and Deceptive Trade Practices Act ("ILCFA") on behalf of himself and subclass A. Fratelli brings Count III under the Illinois Uniform Deceptive Trade Practices Act ("ILDTPA") on behalf of itself and subclass B. Aliano and Fratelli bring Count IV on behalf of themselves and the entire class, alleging unjust enrichment. They allege damages including the full or partial retail price paid. (*Id.* ¶ 54.) They suggest that the damages will not exceed $5,000,000, but Louisville has filed a declaration suggesting the damages could exceed that amount. (*Id.* ¶ 13; Decl. of Kevin Sachs (Dkt. No. 1-1 at Ex. B.) ¶¶ 6–7, 9.)

Louisville now moves to dismiss the complaint in its entirety for failure to state a claim under Rule 12(b)(6). It additionally moves to dismiss Counts II and III on the basis that it is protected from liability by "safe harbor" provisions in the ILCFA and the ILDTPA.

**JURISDICTION**

Before addressing the merits of Louisville's motion, we note disagreement between the complaint and Louisville's removal notice regarding the amount in controversy. Because this discrepancy concerns our subject matter jurisdiction, we raise the issue sua sponte. Indeed, we are obligated to assure ourselves "that [we] possess[] jurisdiction over the subject matter of an action before [we] can proceed to take any action respecting the merits of the action." *Scott AFB Props., LLC v. County of St. Clair, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008) (quoting *Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998)); *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 282 (7th Cir. 2009).

Louisville removed this case to federal court under the Class Action Fairness Act of 2005 ("CAFA"). Under CAFA, a federal district court has original jurisdiction in class action cases when more than $5,000,000 is at stake and at least one plaintiff is not a citizen of the same state as any defendant.[2] 28 U.S.C. § 1332(d)(2). A plaintiff does not automatically defeat a court's jurisdiction under CAFA by alleging the amount in controversy is below the jurisdictional requirement. *Johnson v. Pushpin Holdings, LLC*, 748 F.3d 769, 772 (7th Cir. 2014); *Standard Fire Ins. Co. v. Knowles*, — U.S. —, 133 S. Ct. 1345, 1348–50 (2013). Instead, if the defendant can show the damages could plausibly total more than $5,000,000, the court has jurisdiction unless those damages are legally impossible. *Johnson*, 748 F.3d at 772; *ABM Sec. Servs. v. Davis*, 646 F.3d 475, 478–79 (7th Cir. 2011).

Here, Aliano and Fratelli allege that the amount in controversy is less than $5,000,000, and that their actual damages were the full or partial retail price of the Angel's Envy finished whiskey that they (and those similarly situated) purchased. (Compl. ¶¶ 13, 54.) According to

---

[2] The statute includes exceptions, none of which apply here.

Louisville, it sold over 75,000 750 mL bottles in 2013 and 2014.  (Sachs Decl. ¶¶ 6–7, 9.) Louisville presented a declaration from its Chief Financial Officer, who declared that the full retail price of those bottles likely exceeded $5,000,000.  (*Id.*)  We find that Louisville's evidence is credible.  Louisville has plausibly shown that more than $5,000,000 is at stake in this case. Therefore, the amount in controversy requirement is met.

The minimal diversity requirement is also met because Aliano is a citizen of Illinois, and Louisville is a citizen of Kentucky.[3]  As such, based on the limited record before us, we hold that we have subject matter jurisdiction over this case.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  In evaluating a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011); *Thompson v. Ill. Dep't. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).  Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must include a short and plain statement of the claim, showing the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)); *Swanson v. Citibank*, N.A., 614 F.3d 400, 404

---

[3] Under CAFA, Louisville is treated as a corporation for citizenship purposes, rather than as a limited liability company.  28 U.S.C. § 1332(d)(10) (providing that "unincorporated associations shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized").

5

(7th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

Although a facially plausible claim need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964–65. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. "These requirements ensure that the defendant receives fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1964.

Additionally, Federal Rule of Civil Procedure 9(b) requires plaintiffs who assert fraud claims to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy the particularity requirement, an allegation of fraud must include the "who, what, when, where, and how: the first paragraph of any newspaper story." *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990); *accord Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007); *Hoffman v. Nationwide Mut. Ins. Co.*, 10 C 3841, 2011 U.S. Dist. LEXIS 81575, 2011 WL 3158708, at *3 (N.D. Ill. July 26, 2011). Although Rule 9(b) does not require the plaintiff to plead facts sufficient to prove that the alleged misrepresentations were false, it does require the plaintiff to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (citations omitted)).

## ANALYSIS

Aliano and Fratelli assert that Louisville misled consumers and businesses into believing that Angel's Envy finished whiskey was a premium product by implying it was distilled in small batches in Kentucky using a unique recipe. According to Plaintiffs, it was instead distilled in large batches in Indiana using a common recipe.

Since Plaintiffs concede they cannot plead one of the elements of the KCPA, Count I is dismissed with prejudice.

Louisville also argues that Count II should be dismissed because Plaintiffs did not plead the alleged deception with enough particularity. It further contends that Plaintiffs failed to allege two elements of a private action under the ILCFA: actual injury and proximate causation.

Regarding Count III, Louisville argues that the ILDTPA claim should be dismissed because Plaintiffs failed to allege likelihood of future deception and damages.

Finally, Louisville contends Count IV should be dismissed because it stands or falls with Counts II and III, and both fail.

For the reasons set forth below, Count III (ILDTPA) is dismissed without prejudice, but Louisville's motion is denied as to Counts II (ILCFA) and IV (unjust enrichment).

**A.**     **Count III - ILDTPA**

Fratelli brings Count III under the ILDTPA, the purpose of which is "the enjoining of trade practices which confuse or deceive the consumer." *Popp v. Cash Station, Inc.*, 244 Ill. App. 3d 87, 98, 613 N.E.2d 1150, 1156 (1st Dist. 1992) (quoting *Greenberg v. United Airlines*, 206 Ill. App. 3d 40, 46, 563 N.E.2d 1031, 1036 (1st Dist. 1990)); *accord Robinson v. Toyota Motor Credit Corp.*, 315 Ill. App. 3d 1086, 1098, 735 N.E.2d 724, 735 (1st Dist. 2000). The ILDTPA provides a private right of action for injunctive relief, and such a claim is permissible as

a consumer action when "the consumer can allege facts indicating [a] likelihood of damage in the future." *Robinson*, 315 Ill. App. 3d at 1098, 735 N.E.2d at 735; *accord Greenberg*, 206 Ill. App. 3d at 46–47, 563 N.E.2d at 1036–37. "'The problem in most consumer actions under the [ILDTPA] is the inability to allege facts indicating the likelihood of damage in the future.'" *Howard v. Chi. Transit Auth.*, 402 Ill. App. 32 455, 462, 931 N.E.2d 292, 299 (1st Dist. 2010) (quoting *Popp*, 244 Ill. App. 3d at 99, 613 N.E.2d at 1156).

Louisville argues that it is improper for Fratelli to bring a consumer action under the ILDTPA because the only remedy available is injunctive relief, and there is no likelihood of future damage. We agree for two reasons. First, Fratelli cannot allege that it will be deceived in the future, so the ILDTPA is inappropriate to address the damages it alleges. *See Popp*, 244 Ill. App. 3d at 98, 613 N.E.2d at 1156 (citing *Greenberg*, 206 Ill. App. 3d at 46, 563 N.E.2d at 1036); *accord Robinson*, 315 Ill. App. 3d at 1098, 735 N.E.2d at 735. Indeed, Fratelli has not cited any authority suggesting that a plaintiff can obtain injunctive relief under the ILDTPA when the plaintiff itself will not be deceived or confused in the future. *Aliano v. WhistlePig, LLC*, 14 C 10148, 2015 U.S. Dist. LEXIS 64401, at *15 (N.D. Ill. May 18, 2015) (noting the same failure in a similar case filed by Plaintiffs). Nor has our independent research identified any such authority. Because Fratelli will not be deceived in the future, the ILDTPA does not address any future damages it alleges.

Even if the ILDTPA applied when a plaintiff will be damaged due to a different consumer's confusion, Fratelli does not allege such confusion here. In paragraph 91 of the Complaint, Fratelli suggests that it will be in a "Catch-22" situation if it does not receive injunctive relief. It alleges that some patrons who want to drink the Angel's Envy finished whiskey will take their business elsewhere if Fratelli does *not* serve the whiskey, but that other

8

patrons will take their business elsewhere if it *does*, because they object to the premium price being applied to a non-premium product. (Compl. ¶ 91.) As such, Fratelli explicitly alleges that some consumers are not deceived by the Angel's Envy label or website; it argues these patrons would object to Fratelli selling the whiskey at a premium price. Meanwhile, the other group of patrons it describes may or may not be deceived by the label or website; it alleges only that they want the whiskey, not that they will be deceived. Because Fratelli does not allege a likelihood of future consumer confusion, it cannot seek relief under the ILDTPA.

We additionally find that Fratelli fails to allege facts suggesting a likelihood of future injury. First, there is no reason to believe that patrons who dislike Angel's Envy would boycott Fratelli rather than simply purchase a different brand of whiskey. As such, the Catch-22 situation it describes is entirely speculative and implausible. *See, e.g.*, *WhistlePig*, 2015 U.S. Dist. LEXIS 64401, at *16 (reaching same conclusion). We conclude that Fratelli has not adequately plead a likelihood of future injury. For the above reasons, we dismiss Count III of the complaint without prejudice.

**B.    Count II - ILCFA**

In Count II, Aliano alleges that Louisville violated the ILCFA, which "'protect[s] consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices.'" *Camasta*, 761 F.3d at 739 (quoting *Siegel v. Shell Oil Co.,* 612 F.3d 932, 934 (7th Cir. 2010); *accord Robinson*, 201 Ill.2d at 416–17, 775 N.E.2d at 960. Louisville contends that Aliano does not allege sufficient facts to satisfy three elements of a private ILCFA claim, and that its actions fall within an exception to the statute.

To state a claim in a private action under the ILCFA, a plaintiff must allege: (1) the defendant's deception; (2) the defendant intended the plaintiff rely on that deception; (3) the

9

deception occurred in commerce; (4) the plaintiff suffered actual damage; and (5) the deception proximally caused the damage. *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 180, 835 N.E.2d 801, 850 (2005); *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 625, 888 N.E.2d 1190, 1195 (1st Dist. 2008). Claims brought under the ILCFA must meet the heightened pleading standard of Rule 9(b), which applies to the elements that constitute fraud. *Camasta*, 761 F.3d at 736–37; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 446–47 (7th Cir. 2011).

Aliano brings a private action under the ILCFA on behalf of himself and sub-class A (all Illinois consumers who purchased the whiskey at issue). Louisville argues that Count II is deficient in three ways. First, Aliano does not plead the deception with enough particularity to meet the Rule 9(b) standard. Second, he fails to allege actual injury. Third, he fails to allege proximate cause. Louisville further urges that we should dismiss Count II because its actions fall within the statutory safe harbor. We disagree, as set forth below, and we deny Louisville's motion to dismiss Count II.

**1.  Louisville's Deceptive Practice**

Louisville first argues that Aliano has not plead the deceptive practice element of the ILCFA claim with the required particularity to meet the 9(b) standard. Under the ILCFA, a practice is deceptive if it "creates a likelihood of deception or has the capacity to deceive." *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001); *accord Chandler v. Am. Gen. Fin.*, 329 Ill. App. 3d 729, 739, 768 N.E.2d 60, 68–69 (1st Dist. 2002) ("A plaintiff states a claim for relief . . . if a trier of fact could reasonably determine that a 'defendant had advertised goods with the intent not to sell them as advertised.'" (quoting *Williams v. Bruno Appliance & Furniture Mart, Inc.*, 62 Ill. App. 3d 219, 222, 379 N.E.2d 52, 54 (1st Dist. 1978))). Plaintiffs

must allege facts suggesting a deceptive practice with particularity. *See Camasta*, 761 F.3d at 737–38 (dismissing the plaintiff's complaint because he did not provide sufficient facts to meet the 9(b) standard for the deceptive practice element); *Sefton v. Toyota Motor Sales U.S.A., Inc.*, 09 C 3787, 2010 U.S. Dist. LEXIS 37036, at *12–14 (N.D. Ill. Apr. 14, 2010) (dismissing the plaintiff's complaint for failing to allege the deception with sufficient particularity).

Aliano alleges that Louisville misrepresented several characteristics of its Angel's Envy finished whiskey. (Compl. ¶¶ 4–6, 9, 25, 27, 30). He also claims the misrepresentation occurred in October 2014 through the product label and website. (Compl. 37–38). He finally alleges that specific statements and charts on the label and website caused him to believe the whiskey was distilled, aged, and finished in small batches in Kentucky. (Compl. ¶¶ 25–28, 37–40). As such, he identifies who misrepresented what to whom, when the deception occurred, and how he was deceived. *See DiLeo*, 901 F.2d at 627. We find that these allegations are sufficient to plead the deceptive practice element of Aliano's ILCFA claim with particularity.

In support of its motion, Louisville relies on *Salters v. Beam Suntory, Inc.*, 14 C 659, 2015 U.S. Dist. LEXIS 62146 (N.D. Fla. May 1, 2015). In *Salters*, the Florida district court found that it would be unreasonable for anyone to believe the phrase "handmade" on the label of Maker's Mark meant that it was made from scratch or without the use of substantial equipment, in part because of the size of the Maker's Mark brand. *Id*. at *5, 7. Additionally, the court found the plaintiff did not allege facts suggesting that his other inferences from the phrase "handmade" were false, meaning that "handmade" did not deceive him into believing something false. *Id*. at *5–7. As such, the court held the plaintiff did not adequately plead a deceptive practice and dismissed the complaint.

11

Here, however, the Angel's Envy brand is much smaller than the Maker's Mark brand. As a result, a consumer could reasonably believe the phrase "hand crafted" on the finished whiskey label meant it was not mass-produced. Additionally, Aliano alleges that the context of "hand crafted" on the label implies that Louisville controls the entire process of making the finished whiskey at its facilities in Bardstown, Kentucky, when most of the process occurs at MGP's facilities in Indiana. (Compl. ¶¶ 9, 38–39.) As such, he plead facts suggesting the characteristics implied by the label are false, therefore alleging a deception. Finally, his claim does not rest on the phrase "hand crafted" alone, but also alleges deception from the statements and charts on the Angel's Envy website. In light of the more robust facts alleged in this case, we are not persuaded by the reasoning in *Salters*.

2. **Aliano and Fratelli's Actual Injuries**

Louisville next argues that Aliano fails to allege actual injury. To maintain a private right of action under the ILCFA, a plaintiff must allege actual injury. *Avery*, 216 Ill. 2d at 195–96, 835 N.E.2d at 858–59; *Mulligan*, 382 Ill. App. 3d at 627, 888 N.E.2d at 1196. When a plaintiff alleges that it purchased something because of a fraudulent misrepresentation, there is actual injury when the plaintiff suffers a pecuniary loss by receiving goods that are worth less than was promised. *Mulligan*, 382 Ill. App. 3d at 628, 888 N.E.2d at 1197; *see also Giammanco v. Giammanco*, 253 Ill. App. 3d 750, 758–59, 625 N.E.2d 990, 997 (2nd Dist. 1993) (discussing Illinois's use of the benefit of the bargain rule to determine damages in cases involving fraudulent misrepresentations, which requires a plaintiff to "allege facts which show the value of what they received was not equal to the value of what they were promised.")

Aliano alleges that he and other consumers paid more than they would have for the finished whiskey because of the deception. (Compl. ¶ 77.) He further alleges that Louisville's

deception artificially inflated the price, causing him to pay more than the finished whiskey was actually worth. (*Id.* ¶ 91.) Accepting these allegations as true, plaintiffs adequately allege that the whiskey they received was worth less than what they were promised. Defendant contends that these allegations are too conclusory and that plaintiff instead needs to plead the amount he paid as well as the actual value. We disagree. Such a standard would require Aliano and Fratelli to calculate their damages, a much higher bar than alleging an injury. Because they allege a plausible pecuniary loss, we find they adequately allege an actual injury.

### 3. Proximate Causation

Louisville further argues that Aliano failed to plead that the allegedly deceptive practices proximately caused the injury. To allege proximate cause in an ILCFA action, a plaintiff must plead facts that indicate it would not have been injured without the defendant's alleged deception. *Price v. Philip Morris, Inc.*, 219 Ill. 2d 182, 269, 848 N.E.2d 1, 52 (2005) (citing *Evans v. Shannon*, 201 Ill. 2d 424, 434, 776 N.E.2d 1184, 1190 (2002)); *Mulligan*, 382 Ill. App. 3d at 630, 888 N.E.2d at 1199. A plaintiff must also allege that it was actually deceived by the defendant's deceptive act. *Avery*, 216 Ill. 2d at 199 (citing *Zekman v. Direct Am. Marketers, Inc.*, 182 Ill. 2d 359, 695 N.E.2d 853 (1998); *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 776 N.E.2d 151 (2002); *Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 805 N.E.2d 213 (2004)).

Louisville first argues that Aliano does not adequately plead that its label and website statements were the but-for cause of his injury. We find, however, that we can reasonably infer this allegation. Aliano alleges that he purchased the whiskey based on statements he read on Louisville's website and the Angel's Envy bottle. (Compl. ¶ 38.) He further alleges that he would not have purchased the whiskey if he had known that it was mass-distilled and aged in Indiana rather than made in small batches in Kentucky using a unique recipe. (Compl. ¶ 39.)

13

At this stage it is reasonable to infer that the statements on the website and bottle deceived Aliano into believing these claims about the product, and that this belief cause him to purchase the whiskey. *See Griefenstein v. Estée Lauder Corp.*, 12 C 9235, 2013 U.S. Dist. LEXIS 104659, at *8 (N.D. Ill. July 26, 2013) (inferring but-for cause where plaintiff viewed advertisements and purchased the product while alleging no intervening events); *see also Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 504, 675 N.E.2d 584, 595 (1996) (finding complaint satisfied proximate cause element when purchase occurred after alleged fraudulent statements and "no facts showing an intervening cause that would break the chain of proximate causation").

Louisville next argues that Aliano fails on the second requirement, as to whether he was actually deceived. Louisville urges us to take judicial notice of similar suits filed by Aliano against other whiskey manufacturers. It argues these suits are evidence that Aliano was not deceived by the statements on the website and bottle, and instead was simply shopping for a lawsuit. Drawing reasonable inferences in favor of Aliano, however, these suits tend to support the first prong of proximate causation. These suits indicate that Aliano has repeatedly purchased whiskey advertised as small-batch, unique recipe, which indicates that these characteristics of whiskey are important to him when making purchasing decisions. For the second prong, Aliano alleges that the product label and website deceived him into believing the Angel's Envy finished whiskey was distilled, aged, and finished in small batches in Kentucky using a unique recipe. (Compl. ¶¶ 33, 37–39.) We thus find that Aliano has adequately alleged that he was actually deceived. As such, the allegations are sufficient to meet both requirements for the proximate causation element.

### 4. Safe Harbor Provision

Finally, Louisville argues the ILCFA claim must be dismissed because the allegedly deceptive statements fall within the statute's "safe harbor" provision. The safe harbor provision of the ILCFA bars a plaintiff's claim when (1) "a regulatory body or officer [is] operating under statutory authority," and (2) "the action . . . at issue is 'specifically authorized by laws administered' by the regulatory body." *Price*, 219 Ill. 2d at 240–41, 848 N.E.2d at 36; *accord Fed. Ins. Co. v. Binney & Smith, Inc.*, 393 Ill. App. 3d 277, 286, 913 N.E.2d 43, 50–51 (1st Dist. 2009). An action has been specifically authorized when the conduct itself has been authorized. *Id*. "Mere compliance with the rules applicable to labeling and advertising is not sufficient to trigger the exemption." *Fed. Ins. Co.*, 393 Ill. App. 3d at 286, 913 N.E.2d at 51 (1st Dist. 2009) (quoting *Price*, 219 Ill. 2d at 241, 848 N.E.2d at 36).

Louisville argues that its label was approved by the Alcohol and Tobacco Tax and Trade Bureau ("TTB"), pursuant to 27 U.S.C. § 205 (e)–(f) and Treasury Department Order 120-01 (Dec. 10, 2013). TTB regulates alcoholic beverage labeling and advertising under various federal statutes and regulations. These regulations require alcohol labels to identify where the alcohol was bottled, and they prohibit companies from including misleading statements on alcohol labels. 27 C.F.R. § 5.36 (a)(6); 27 C.F.R. § 5.24 (a)(1).

We find that the allegations before us do not permit a conclusion that the allegedly deceptive statements on the label were specifically authorized by TTB. While the label itself was approved by TTB, it is not clear what statements on it were actually reviewed and approved. The relevant regulations require the phrase "bottled by [company name], in [city, state of bottling]." 27 C.F.R. § 5.36 (a)(4). But no regulation states whether the phrase "hand crafted" can be added before this phrase. Here Louisville included the § 5.36 (a)(4) language but added

"hand crafted and" before it. The regulations do not specifically authorize this addition. *Id*. At this juncture, we can conclude only that Louisville complied with labeling regulations, which is not enough to bar Plaintiff's claims. *See Fed. Ins. Co.*, 393 Ill. App. 3d at 286, 913 N.E.2d 43 at 51 ("Mere compliance with the rules applicable to labeling and advertising is not sufficient to trigger the exemption.") (quoting *Price*, 219 Ill. 2d at 241, 848 N.E.2d at 36).

Additionally, Louisville suggests the claim is barred due to 27 C.F.R. § 5.24 (a)(1), which prohibits label statements that are misleading or create a misleading impression. It argues that TTB approved the entire label, meaning that every statement within it was specifically reviewed to determine whether it was misleading. But on the complaint before us, we cannot determine whether TTB actually reviewed and authorized every statement on the label. As such, we cannot conclude that each statement was specifically authorized under this regulation.

Based on the allegations in the complaint, we cannot find at this stage that TTB specifically authorized Louisville's use of the phrase "hand crafted" on the Angel's Envy bottle. As such, the "safe harbor" provision does not bar Plaintiffs' complaint from moving forward.[4]

## C.   Count IV - Unjust Enrichment

Aliano and Fratelli assert a claim of unjust enrichment as Count IV. Unjust enrichment occurs when "the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Saletech, LLC v. E. Balt, Inc.*, 386 Ill. Dec. 420, 432, 20 N.E.3d 796, 808 (quoting *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill. 2d 145, 160, 545 N.E.2d 672, 679 (1989)). When a claim of unjust enrichment arises out of the same conduct

---

[4] We note that Plaintiffs' claims also include allegedly deceptive statements and charts on Defendant's website. TTB presumably would not review or approve the statements on Louisville's website. Accordingly, the safe harbor provision, even if it applied to the label, does not bar Plaintiffs' claim to the extent it is based on other representations made by Defendants.

16

alleged in another claim, the unjust enrichment claim "stands or falls with" the other claim. *Cleary v. Phillip Morris Inc.*, 565 F.3d 511, 517 (7th Cir. 2011) (citing *Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007)).

Aliano and Fratelli's claim of unjust enrichment arises out of the same conduct as Count II, their claim under the ILCFA. As such, this claim stands or falls with the ILCFA claim. Because we deny Louisville's motion to dismiss Count II, we also deny its motion to dismiss Count IV.

## CONCLUSION

For the foregoing reasons, Louisville's motion to dismiss is granted in part and denied in part. We grant the motion with prejudice regarding Count I, the KCPA claim. We grant the motion without prejudice regarding Count III, the ILDTPA claim. We deny the motion as to Count II, the ILCFA claim, and Count IV, the unjust enrichment claim. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 20, 2015
      Chicago, Illinois